O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL Y. BIRMAN, | ) NO. CV 12-5554-SVW (MAN) |
| Petitioner, | ) |
| | ) ORDER: DISMISSING PETITION |
| | ) FOR WRIT OF HABEAS CORPUS |
| v. | ) WITHOUT PREJUDICE; AND |
| | ) DENYING CERTIFICATE OF |
| DANA MICHAEL COLE, | ) APPEALABILITY |
| | ) |
| Respondent. | ) |
| _____ | ) |

    Petitioner, a federal prisoner, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on June 26, 2012 ("Petition").  The Petition purports to challenge a "civil suit." (Petition at 2-3.)

    Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts mandates the summary dismissal of a Section 2254 petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, 28 U.S.C. foll. § 2254.  Summary dismissal of the instant Petition is required due to a lack of jurisdiction.

The named Respondent in this action is Dana Michael Cole, an attorney, who Petitioner alleges he retained in 1997, to pursue post-conviction relief in connection with a 1993 state court conviction sustained by Petitioner.[1] On January 29, 2010, Petitioner, on a *pro se* basis, filed a civil action against Cole in the Los Angeles Superior Court (Case No. BC430970), alleging claims for breach of contract, fraud, and legal malpractice. Birman v. Cole, 2011 WL 3276737, at *1 (Cal. App. 2 Dist. Aug. 2, 2011). The Los Angeles Superior Court sustained Cole's demurrer based on its finding that the action was barred by the applicable statutes of limitation, and Petitioner appealed. *Id.* at *1-*2. On August 2, 2011, the California Court of Appeal found that Petitioner's claims against Cole accrued as of April 20, 2006, if not earlier, and because Petitioner's civil action was not filed until over three years later, it was untimely. *Id.* at *2-*3. The California Court of Appeal affirmed the trial court's dismissal of the Birman v. Cole action as untimely. *Id.*, *passim*.

Notwithstanding Petitioner's use of this district's Section 2254 habeas petition form, by this action, Petitioner explicitly seeks to challenge the adverse ruling he received from the California Court of Appeal on August 2, 2011, in Birman v. Cole. (Petition at 2.) Petitioner has attached a copy of that decision to the Petition and alleges that the California Court of Appeal should have found his civil action to be timely, because: he was denied an attorney and access to

---

[1] On May 3, 2012, Petitioner filed a Section 2254 habeas petition challenging his 1993 state court conviction, which is now pending as Case No. CV 12-3838-SVW (MAN) (the "12-3838 Action"). Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of the files and records in the 12-3838 Action, including Petitioner's allegations in that case.

California law (Ground One); he was abandoned by Cole until December 2006 (Ground Two); and the state appellate court erred in relying on Petitioner's April 20, 2006 letter as a basis for finding that Petitioner was aware of his claims against Cole by April 2006 (Ground Three). (Petition at 5-6, and two-page attachment.)

Generally, a state prisoner challenging the fact or duration of his state conviction or sentence on the ground of alleged violations of federal rights, and seeking release from imprisonment as a result, does so by way of a federal habeas corpus petition pursuant to 28 U.S.C. § 2254. *See* Preiser v. Rodriquez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973); Sisk v. Branch, 974 F.2d 116, 117 (9th Cir. 1991). Here, Petitioner is not challenging the fact or duration of his state conviction or sentence in any manner; rather, he complains about an adverse state court decision in a *civil* case. However, the only relevant question on federal habeas review is "whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68, 112 S. Ct. 475, 480 (1991). Because it is clear that the Petition does not challenge a criminal conviction, the relief Petitioner seeks with respect to the adverse civil ruling in connection the Birman v. Cole case is not available through federal habeas corpus, whether under 28 U.S.C. § 2254 or 28 U.S.C. § 2241.

Petitioner does not indicate that he wishes to bring a civil rights action under 42 U.S.C. § 1983 based upon the allegedly erroneous decision of the California Court of Appeal on August 2, 2011, in Birman v. Cole. Nor could he do so, because Petitioner's complaint about the

3

1   California Court of Appeal's August 2, 2011 decision is barred by the
2   *Rooker-Feldman* doctrine.  *See* <u>District of Columbia Court of Appeals v.</u>
3   <u>Feldman</u>, 460 U.S. 462, 476, 486, 103 S. Ct. 1303, 1311, 1316 (1983);
4   <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 416, 44 S. Ct. 149, 150
5   (1923).  Under the *Rooker-Feldman* doctrine, a federal district court
6   does not have subject matter jurisdiction over a suit that is a *de facto*
7   appeal from a state court judgment.  <u>Kougasian v. TMSL, Inc.</u>, 359 F.3d
8   1136, 1139 (9th Cir. 2004); <u>Bianchi v. Rylaarsdam</u>, 334 F.3d 895, 898
9   (9th Cir. 2003).  As the Ninth Circuit has explained: "If a federal
10  plaintiff asserts as a legal wrong an allegedly erroneous decision by a
11  state court, and seeks relief from a state court judgment based on that
12  decision, *Rooker-Feldman* bars subject matter jurisdiction in federal
13  district court."  <u>Noel v. Hall</u>, 341 F.3d 1148, 1164 (9th Cir. 2003).
14  There is no tenable basis for converting the flawed Petition into a
15  civil rights complaint over which jurisdiction would be barred.
16
17      Based upon the foregoing, it is plain that the Court lacks
18  jurisdiction to consider the Petition.  Accordingly, IT IS ORDERED that
19  Judgment shall be entered dismissing the instant Petition without
20  prejudice.
21
22      In addition, pursuant to Rule 11(a) of the Rules Governing Section
23  2254 Cases in the United States District Courts, the Court has
24  considered whether a certificate of appealability is warranted in this
25  case.  *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-
26  85, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that a
27  certificate of appealability is unwarranted and, thus, a certificate of
28  appealability is DENIED.

4

1    IT IS FURTHER ORDERED that the Clerk shall serve copies of this
2 Order and the Judgment herein on Petitioner.

3

4 DATED: November 29, 2012.

5
                                    _____
6                                      STEPHEN V. WILSON
                                    UNITED STATES DISTRICT JUDGE
7 PRESENTED BY:

8

9 _____
     MARGARET A. NAGLE
10 UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5